Filed 6/12/13  P. v. Backman CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C072732 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF115374) |
| v. | |
| EARL ROBERT BACKMAN, | |
| Defendant and Appellant. | |

In November 2011, defendant Earl Robert Backman argued with his nephew about the possible theft of a car belonging to defendant's father.  Defendant retrieved a shotgun and fired it at the nephew, striking him in the leg.[1]

---

[1]     Because the matter was resolved by plea, our statement of facts is taken from the probation officer's report.

Defendant pled no contest to assault with a firearm and admitted that he personally used a firearm in the commission of the offense. In exchange, two related counts and various enhancing allegations were dismissed.

Defendant was sentenced to prison for a stipulated term of 14 years, awarded 321 days' custody credit and 48 days' conduct credit, and ordered to pay a $240 restitution fine, a $240 restitution fine suspended unless parole is revoked, a $40 court operations fee, and a $30 court facilities assessment.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Our review discloses three minor errors on the abstract of judgment. First, in part 5, the $40 court operations fee (formerly court security fee) is listed as $30. Second, in part 5, the space for the $30 court facilities assessment (criminal conviction assessment) has been left blank. Third, in part 12, the "4019" box should not be checked and the "2933.1" box should be checked. We direct the trial court to correct the abstract accordingly.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the abstract of judgment and to forward a certified copy to the Department of Corrections and Rehabilitation.


         ROBIE     , J.


We concur:


      RAYE      , P. J.


      HOCH     , J.

3